Hanks v. State.

---

JERRY J. HANKS V. STATE OF NEBRASKA.

FILED APRIL 24, 1911.    No. 16,749.

MOTION for rehearing of case reported in 88 Neb. 464. *Motion overruled. Sentence reduced.*

SEDGWICK, J.

The motion for rehearing is based principally upon the insufficiency of the evidence to support the conviction. It

is contended that the evidence .does not show beyond a reasonable doubt that the prosecuting witness resisted the advances of the defendant to the extent of her ability. The evidence is not conclusive that she objected with any degree of determination to some of defendant's conduct of which she now complains. Considering her youth and surroundings, the jury may have found that, although her conduct was not such as is expected of young women of chaste character, she never contemplated that the defendant would attempt the act which constituted the crime, and was surprised and overpowered by him. In view of the character of this evidence and· of the circumstances under which it is alleged that this crime was committed, and especially the youth and former history and surroundings of defendant, we think that the penalty imposed is too severe. There is some argument in the brief upon matters that are not properly in the record. The technical objections urged have, perhaps, been already sufficiently discussed. The punishment imposed by the district court is reduced to three years' imprisonment in the penitentiary, and in all other particulars the former opinion is adhered to, and the motion for rehearing is

OVERRULED.

ROSE, J., dissenting.

I concur in the order denying a rehearing, but dissent from the reduction of the sentence. Defendant was convicted of rape. The statutory penalty is imprisonment in the penitentiary for not more than twenty years nor less than three years. Criminal code, sec. 12. The trial court imposed a sentence of seven years and the majority now reduce it to three—the minimum. The jury, the trial court and this court have said the evidence is sufficient to sustain a conviction. The testimony tends to show that defendant had ostentatiously fixed the night before the felony as a time to indulge his lust for prosecutrix. In my opinion it is fairly inferable from all the circumstances that he had not done so at any previous time. I

do not think the evidence justifies the inference that prosecutrix was unchaste when she was assaulted. A defendant who has been found guilty of rape cannot be sentenced for a shorter period than three years, even where his victim is a common prostitute, and I am unwilling to concede that the sentence in this case should be reduced to the minimum.

ROOT, J., concurs in the dissent.